[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Las Vegas, Nevada on June 17, 1987. This is the second marriage for both parties. Each is gainfully employed. Ms. Kavula, age 46, is employed as a secretary by the City of Torrington and Mr. Kavula, age 64, is a half-owner of the Torrington Beauty Academy. Each has had some health problems. The parties separated in April, 1990. The parties are in agreement that the marriage has broken down irretrievably. CT Page 1230
The only joint marital asset of the parties is a building lot in Harwinton, Connecticut, with a current fair market value of $60,000. Defendant's assets were used to purchase it in 1989 for $323,222. Additionally, he has spent $4,900 in tree removal. While defendant has spent substantial additional sums, totalling almost $30,000, those sums cannot be said to have contributed to the increase in the fair market value of the lot.
Based on the testimony, the court finds that the cause of the breakdown of this marriage after only three years may be laid at the feet of the defendant's unwillingness or, perhaps, his inability to communicate with plaintiff as an equal partner in this marriage. Each had unspoken expectations of the other. Neither can be said to be blameless in that regard. Each party is seeking alimony from the other. Considering all of the factors set out in Conn. Gen. Stat. Section 46b-82, the court finds that neither is entitled to alimony.
From the evidence and applying the relevant legal principles, including those set out in Conn. Gen. Stat Section 46b-81, the court finds that the following orders should enter.
1. The marriage of the parties be dissolved on the grounds of irretrievable breakdown.
2. Plaintiff is to cooperate with the defendant to enable him to obtain COBRA medical insurance coverage under her policy of insurance.
3. The Harwinton real estate is to be listed for sale with a real estate agent to be chosen by the parties within 60 days. In the event the parties cannot agree on a listing agent within that time, a motion should be filed for the appointment of a listing agent by the court. From the net proceeds of any sale, defendant shall be repaid $37,122. As a division of marital property, any money remaining after that repayment and payment of the expenses of sale shall be paid 40% to plaintiff and 60% to defendant.
4. Defendant shall pay $1,000 to plaintiff as counsel fees in connection with this action.
5. Plaintiff may have a change of name to Carolyn A. Minard.
Judgment may enter accordingly.
SUSCO, J. CT Page 1231